UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

WALTER W. HIPPCHEN,
DIANE J. PERDUE,
BILLY-JOE HYATT, JR., and
TAMMY LOUISE REXROAD,
    Plaintiffs,

vs.

VERO BEACH KAMP, INC., a Florida corporation,
KAHN BUILDERS, INC., a Florida corporation
MICHAEL E. KAHN, and
JAMES A. KAHN,
    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiffs, WALTER W. HIPPCHEN (hereinafter "HIPPCHEN), DIANE J. PERDUE (hereinafter " PERDUE"), BILLY-JOE HYATT, JR.(hereinafter " HYATT"), and TAMMY LOUISE REXROAD (hereinafter " REXROAD") by and through their undersigned counsel, hereby sue the Defendants, VERO BEACH KAMP, INC., a Florida corporation (hereinafter "KAMP"), KAHN BUILDERS, INC., a Florida Corporation (hereinafter "KBUILDERS"), MICHAEL E. KAHN (hereinafter "MKAHN") and JAMES A. KAHN (hereinafter "JKAHN"), and allege as follows:

### Nature of Action

1.    This is an action for recovery of unpaid overtime compensation and retaliatory discharge pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as amended ("FLSA").

### Jurisdiction and Venue

2.    Jurisdiction in this Court is proper as Plaintiffs' claims are brought pursuant to the FLSA to recover back wages, liquidated damages and reasonable attorney's fees and costs.

Jurisdiction over this action is founded upon § 216(b) of the FLSA [29 U.S.C. 216(b)].

3. The acts and omissions that give rise to this action occurred in Indian River County, Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S. C § 1391(b).

**Parties**

4. At all times material hereto, HIPPCHEN was and is a resident of Indian River County, Florida.

5. At all times material hereto, PERDUE was and is a resident of Indian River County, Florida.

6. At all times material hereto, HYATT was and is a resident of Indian River County, Florida.

7. At all times material hereto, REXROAD was and is a resident of Indian River County, Florida.

8. At all times material hereto, KAMP was a Florida corporation doing business in Indian River County, Florida.

9. At all material times hereto, KAMP was engaged in the business within the state of Florida.

10. At all times material hereto, KAMP employed employees, including Plaintiffs, who regularly were and are engaged in interstate commerce.

11. At all times material hereto, KBUILDERS was a Florida corporation doing business in Indian River County, Florida.

12. At all material times hereto, KBUILDERS was engaged in the business within the state of Florida.

13. At all times material hereto, KBUILDERS employed employees, including Plaintiffs,

who regularly were and are engaged in interstate commerce.

14. At all times material hereto, Defendants, individually and/or collectively, had annual gross sales or business done of not less than $500,000.

15. At all times material hereto, Defendants, individually and/or collectively, were and are an enterprise(s) engaged in commerce as defined by § 203(r) and (s) of the FLSA.

16. At all times material hereto, Defendant MKAHN acted, directly or indirectly, in the interest of an employer in relation to Plaintiff. Therefore, Defendant MKAHN was and is an "employer" within the meaning of § 203(d) of the FLSA.

17. At all times material hereto, Defendant JKAHN acted, directly or indirectly, in the interest of an employer in relation to Plaintiff. Therefore, Defendant JKAHN was and is an "employer" within the meaning of § 203(d) of the FLSA

## General Allegations

18. The Plaintiffs, HIPPCHEN and PERDUE, were employed by Defendants from on or about November 14, 2008 until January 17, 2011 in Sebastian, Florida.

19. The Plaintiffs, HYATT and REXROAD, were employed by Defendants from in or about April of 2009 until in or about July 2009 in Sebastian, Florida.

20. During the Plaintiffs' employment, they worked as non-exempt employees for the Defendants.

21. During the Plaintiffs' employment, they worked in excess of forty hours in numerous workweeks.

22. Defendants have engaged in the following acts or pay practices that have resulted in the failure to pay Plaintiffs overtime compensation as required by the FLSA in workweeks in which they work in excess of forty hours per week:

    a. failing to record and credit all working hours that they actually were required,

suffered or permitted to work; and

b.   failing to pay an overtime premium for all hours worked in excess of forty (40) per workweek.

### Count I
### HIPPCHEN Overtime Claim Against KAMP

23.   Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

24.   During HIPPCHEN's employment, he worked in excess of forty hours in several weeks for KAMP. In these workweeks, HIPPCHEN was not paid overtime compensation by KAMP as is required by the FLSA.

25.   As a direct and proximate result of KAMP's underpayment of wages, HIPPCHEN has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

26.   KAMP's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, HIPPCHEN is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against KAMP for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Count II
### HIPPCHEN Overtime Claim Against KBUILDERS

27.   Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

28.   During HIPPCHEN's employment, she worked in excess of forty hours in several weeks for KBUILDERS. In these workweeks, Plaintiff was not paid overtime compensation by KBUILDERS as is required by the FLSA.

29. As a direct and proximate result of KBUILDERS' underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

30. KBUILDERS' failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against KBUILDERS for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## Count III
## HIPPCHEN Overtime Claim Against MKAHN

31. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

32. During HIPPCHEN's employment, he worked in excess of forty hours in several weeks for MKAHN. In these workweeks, Plaintiff was not paid overtime compensation by MKAHN as is required by the FLSA.

33. As a direct and proximate result of MKAHN's underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

34. MKAHN's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against MKAHN for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and

attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## Count IV
## HIPPCHEN Overtime Claim Against JKAHN

35. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

36. During HIPPCHEN's employment, he worked in excess of forty hours in several weeks for JKAHN. In these workweeks, Plaintiff was not paid overtime compensation by JKAHN as is required by the FLSA.

37. As a direct and proximate result of JKAHN's underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

38. JKAHN's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against JKAHN for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## Count V
## PERDUE Overtime Claim Against KAMP

39. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

40. During PERDUE's employment, she worked in excess of forty hours in several weeks for KAMP. In these workweeks, Plaintiff was not paid overtime compensation by KAMP as is required by the FLSA.

41. As a direct and proximate result of KAMP's underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

42. KAMP's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against KAMP for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Count VI
### PERDUE Overtime Claim Against KBUILDERS

43. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

44. During PERDUE's employment, she worked in excess of forty hours in several weeks for KBUILDERS. In these workweeks, Plaintiff was not paid overtime compensation by KBUILDERS as is required by the FLSA.

45. As a direct and proximate result of KBUILDERS' underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

46. KBUILDERS' failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against KBUILDERS for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Count VII
### PERDUE Overtime Claim Against MKAHN

47. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

48. During PERDUE's employment, she worked in excess of forty hours in several weeks for MKAHN. In these workweeks, Plaintiff was not paid overtime compensation by MKAHN as is required by the FLSA.

49. As a direct and proximate result of MKAHN's underpayment of wages, Plaintiff has

been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

50. MKAHN's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against MKAHN for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Count VIII
### PERDUE Overtime Claim Against JKAHN

51. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

52. During PERDUE's employment, she worked in excess of forty hours in several weeks for JKAHN. In these workweeks, Plaintiff was not paid overtime compensation by JKAHN as is required by the FLSA.

53. As a direct and proximate result of JKAHN's underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

54. JKAHN's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against JKAHN for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Count IX
### HYATT Overtime Claim Against KAMP

55. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

56. During HYATT's employment, he worked in excess of forty hours in several weeks for KAMP. In these workweeks, HYATT was not paid overtime compensation by KAMP as is required by the FLSA.

57. As a direct and proximate result of KAMP's underpayment of wages, HYATT has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

58. KAMP's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, HYATT is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against KAMP for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## Count X
## HYATT Overtime Claim Against KBUILDERS

59. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

60. During HYATT's employment, she worked in excess of forty hours in several weeks for KBUILDERS. In these workweeks, Plaintiff was not paid overtime compensation by KBUILDERS as is required by the FLSA.

61. As a direct and proximate result of KBUILDERS' underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

62. KBUILDERS' failure to pay overtime was deliberate, willful and without any

legal justification.  Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against KBUILDERS for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## Count XI
## HYATT Overtime Claim Against MKAHN

63. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

64. During HYATT's employment, he worked in excess of forty hours in several weeks for MKAHN.  In these workweeks, Plaintiff was not paid overtime compensation by MKAHN as is required by the FLSA.

65. As a direct and proximate result of MKAHN's underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

66. MKAHN's failure to pay overtime was deliberate, willful and without any legal justification.  Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against MKAHN for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## Count XII
## HYATT Overtime Claim Against JKAHN

67.     Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

68.     During HYATT's employment, he worked in excess of forty hours in several weeks for JKAHN.  In these workweeks, Plaintiff was not paid overtime compensation by JKAHN as is required by the FLSA.

69.     As a direct and proximate result of JKAHN's underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

70.     JKAHN's failure to pay overtime was deliberate, willful and without any legal justification.  Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against JKAHN for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

## Count XIII
## REXROAD Overtime Claim Against KAMP

71.     Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

72.     During REXROAD's employment, she worked in excess of forty hours in several weeks for KAMP.  In these workweeks, Plaintiff was not paid overtime compensation by KAMP as is required by the FLSA.

73.     As a direct and proximate result of KAMP's underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

74. KAMP's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against KAMP for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Count VI
### REXROAD Overtime Claim Against KBUILDERS

75. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

76. During REXROAD's employment, she worked in excess of forty hours in several weeks for KBUILDERS. In these workweeks, Plaintiff was not paid overtime compensation by KBUILDERS as is required by the FLSA.

77. As a direct and proximate result of KBUILDERS' underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

78. KBUILDERS' failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against KBUILDERS for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Count VII
### REXROAD Overtime Claim Against MKAHN

79. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

80. During REXROAD's employment, she worked in excess of forty hours in several weeks for MKAHN. In these workweeks, Plaintiff was not paid overtime compensation by MKAHN as is required by the FLSA.

81. As a direct and proximate result of MKAHN's underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

82. MKAHN's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against MKAHN for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Count VIII
### REXROAD Overtime Claim Against JKAHN

83. Plaintiff hereby incorporates paragraphs 1 through 22 of the Complaint by reference.

84. During REXROAD's employment, she worked in excess of forty hours in several weeks for JKAHN. In these workweeks, Plaintiff was not paid overtime compensation by JKAHN as is required by the FLSA.

85. As a direct and proximate result of JKAHN's underpayment of wages, Plaintiff has been damaged in the loss of wages, and has incurred and are incurring costs and reasonable attorney's fees.

86. JKAHN's failure to pay overtime was deliberate, willful and without any legal justification. Consequently, Plaintiff is entitled to liquidated damages in an amount equal to the underpayment of overtime compensation.

WHEREFORE, Plaintiff demands judgment against JKAHN for declaratory relief, equitable relief, compensatory damages (unpaid overtime), liquidated damages (double damages) and attorney's fees and costs pursuant to the FLSA, and such other relief as this Court deems just and proper.

### Request for Trial by Jury

Plaintiff further demands trial by jury on all issues so triable.

Dated:  March 28, 2011

  /s/ **Lee J. Baggett**_____
Lee J. Baggett, Esquire
Florida Bar No. 0467189
Law Offices of LEWIS, MORTELL, LEWIS, & BAGGETT
1115 East Ocean Boulevard
Stuart, Florida  34996
Telephone: (772) 286-7861
Facsimile: (772) 288-2013
Email: lbaggett@lewismortell.com